IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADEKUNLE ADEFEYINTI,

                      Petitioner,

      v.

DODGE COUNTY DETENTION FACILITY,
MEDICAL STAFFS AND DCDF OFFICERS,
OFFICER BAKER, OFFICER RHODE,
OFFICER BORN, OFFICER POLAH, NURSE
HORVATH, NURSE JODI and VICKI
NELSON,

                      Respondents.

ORDER

08-cv-319-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated July 14, 2008, I denied petitioner Adekunle Adefeyinti's request for leave to proceed in forma pauperis on his claims that he was denied access to the courts and adequate medication and dental care for his failure to state a claim upon which relief may be granted. Judgment of dismissal was entered on July 16, 2008. Now petitioner has filed a notice of appeal. The notice is not accompanied by the $455 fee for filing an appeal. Therefore, I construe the notice as including a request for leave to proceed in forma pauperis on appeal.

1

Petitioner's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether petitioner's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith. Petitioner does not have three strikes against him. However, in Hains v. Washington, 131 F.3d 1248 (1997), the court of appeals suggested that when a district court dismisses an action under 28 U.S.C. § 1915A for failure to state a claim, it ordinarily should not find good faith for an appeal except in rare circumstances, which the district court is to articulate in allowing the appeal to go forward. There are no exceptional circumstances in this case. Therefore, I must certify that petitioner's appeal is not taken in good faith.

Because I am certifying petitioner's appeal as not having been taken in good faith, petitioner cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Petitioner should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline. If petitioner fails to pay the fee within the deadline

set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from petitioner's prison account.

## ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that petitioner's appeal is not taken in good faith.

Entered this 30th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge